IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ALLEN SONES, and<br>LAURA ANN SONES, | : | Civil No. 4:10-CV-2475 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LENARD SIMPSON, DISTRICT<br>ATTORNEY, SULLIVAN COUNTY | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of The Case

This case comes before the court for preliminary screening. For the reasons set forth below, it is recommended that this matter be dismissed, and the Plaintiffs be advised that they should continue to pursue their claims in the Court of Common Pleas of Sullivan County, which has a pending case before it and stands ready to address these issues.

In this *pro se* civil rights complaint, the Plaintiffs, Christopher and Laura Sones (hereafter "the Sones"), indicate that they wish to remove a pending state criminal case in which they are defendants to federal court for further proceedings. (Doc. 1, Clerk Cover Sheet.) Specifically, the Sones allege that the district attorney in their

1

state case is "pushing for a fraudulant [sic] amount of restitution . . . in the amout [sic] of $1,400for labor and costs to fix a door...." (Id.) Accordingly, the Sones request that this Court remove their state criminal cases to federal court in order to "examon [sic] key evidence and other key factors ivolving [sic] our case and make apropreate [sic] determination" of the restitution owed here. (Id.)

Along with these allegations in their complaint, the Sones also direct our attention to the docket in their cases, copies of which are attached as Appendix A to this report and recommendation.[1] Those criminal dockets confirm that the Sones are defendants in state criminal cases which are the subject of pending restitution proceedings. Specifically, these dockets reveal that the Sones were convicted and sentenced to probationary terms following their convictions on criminal mischief and defiant trespass charges in May of 2010. As part of their criminal sentences the Sones were directed to pay restitution to the victim, in an amount to be agreed upon by the prosecution and defense counsel. The court's sentence, however, retained jurisdiction

---

[1] Federal law permits us to consider the criminal docket in this case, which the Sones' have directed to our attention since in evaluating a complaint it is clear that in assessing the legal sufficiency of a complaint we may "consider . . . the allegations contained in the complaint, exhibits attached to the complaint *and matters of public record* ", Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(citations omitted)(emphasis added)

over any unresolved restitution issues, stating that in the event that restitution cannot be agreed upon this matter shall remain open for further determination by the court.

Along with this federal complaint the Sones have filed a motion for leave to proceed *in forma pauperis*. (Doc. 1.) For the reasons set forth below, it is recommended that the Sones' motion for leave to proceed *in forma pauperis* (Doc. 1) be granted but that this complaint be dismissed, with prejudice, since: (1) 28 U.S.C. §1443 does not permit removal of this state criminal case to federal court, and; (2) principles of federalism call upon us to abstain from entertaining a lawsuit which would intervene in a pending state criminal case.

**II.** **Discussion**

**A.** **Screening Review of Pro Se Complaints-Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically

enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

5

> allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we apply this analysis when assessing the adequacy of the factual assertions and legal claims set forth in the complaint. Applying this standard, we find that the allegations in the *pro se* complaint are subject to dismissal for failure to state a claim upon which relief can

be granted. Our review of the Plaintiff's complaint has identified the following deficiencies in this pleading, which we discuss further below:

### B. 28 U.S.C. §1443 Does Not Authorize Removal of this State Criminal Case to Federal Court

At the outset, this Court may not entertain this case because the Sones are not entitled to remove restitution proceedings in this particular state criminal mischief and defiant trespass case to federal court for adjudication. This novel request, which would in effect allow the federal courts to arbitrate a wide range of routine state criminal cases, is premised upon an idiosyncratic view regarding the reach of a federal removal statute, 28 U.S.C. §1443, which provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
>
> 28 U.S.C. § 1443.

The Sones, who have urged this Court to remove their state case to federal court in order to "examon [sic] key evidence and other key factors ivolving[sic] our case and make apropreate [sic] determination" of the restitution they owe, (Doc. 1), err in their interpretation of the breadth of this removal statute. Contrary to the Sones' suggestion, §1443 does not provide a free license for state criminal defendants to remove otherwise routine criminal cases into federal court simply by asserting defenses based upon the Constitution of the United States. Rather:

> The statute permits removal only in the rare case in which (1) the federal right at issue stems from a law providing expressly for equal civil rights, (2) the conduct with which the removal petitioners were charged is arguably protected by the federal right in question, and (3) the federal law grants the further right not only to engage in the conduct in question, but to be free from arrest and prosecution by state officials for that conduct

Nevin v. People of State of Cal., 413 F. Supp. 1039, 1042 (N.D.Cal. 1976).

Applying these rigorous benchmarks, courts have repeatedly held that:

Prerequisite to a removal of a pending criminal prosecution under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law "providing for specific civil rights stated in terms of racial equality." The defendant must show that there is a basis for a firm prediction that such rights will be denied in the state court or that the pendency of the prosecution without more, is a deprivation of such a federally protected right. It is not enough to show that he has a defense with more or less hope of its successful assertion in an impartial tribunal; he must show that his federally secured right of racial equality is denied by the pendency of the proceeding or "by reason

> of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

State of South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971) (footnotes and citations omitted). Thus, "'[i]t is not enough to support removal under § 1443(1) to allege or show . . . that the charges against the defendant are false.'" People of State of N. Y. v. Davis, 411 F.2d 750, 754 (2d Cir. 1969). "Rather in a case like this, 'under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.' " Id. at 755.

Construed in this way, it is clear that §1443 does not provide a means for state criminal defendants to remove their cases to federal court simply in order to vindicate some perceived federal constitutional rights. Indeed, this precise claim was flatly rejected by the court in States of New Hampshire v. Bentley, 406 F.2d 1064 (1st Cir. 1969). In terms that are equally applicable here, the appellate court rejected this claim, stating:

> The defendant's ability under 28 U.S.C. § 1443 to remove to the federal court a state court prosecution . . . before he has been through the various steps of the state procedure is strictly a matter of what Congress has, or has not, provided by the statute and is not a constitutional right. We believe it clear that the defendant has no case within the statute he seeks to rely on, which involves a special exception and a very different sort of right.

States of New Hampshire v. Bentley, 406 F.22d. 1064 (1st Cir. 1969).

These settled tenets governing removal of state criminal cases control here and compel dismissal of this complaint. The state charges in this case, which involve defiant trespass and criminal mischief, do not implicate fundamental federal rights which will be denied by a state prosecution. There simply is no federal right to engage in defiant trespass or criminal mischief, and §1443 plainly does not give state criminal defendants a general right to remove their cases to federal court solely for the purpose of having a federal court "examon [sic] key evidence and other key factors ivolving[sic] our case and make apropreate [sic] determination" of the restitution owed by them in this state case. (Doc. 1.)

Moreover, we note that this complaint, which is filed almost six months after the defendants were sentenced in state court, is untimely under 28 U.S.C. § 1446(c)(1) which calls for removal of criminal cases "not later than thirty days after arraignment in the State court . . . ." Since the Plaintiffs are not entitled to remove this

case, and are untimely in their removal request, this matter may not now be removed to federal court for the purpose of adjudicating restitution issues.

### C. While Restitution Proceedings Are Pending in This State Criminal Case This Court Should Abstain From Ruling Upon These Claims.

Entirely aside from this misreading of the scope of 28 U.S.C. § 1443, the Sones' complaint appears to invite us to intervene in a state criminal prosecution and conduct a separate restitution hearing in this case. To the extent that this complaint invites the federal courts to intervene in a pending state criminal case, it runs afoul of another settled tenet of federal law, the Younger abstention doctrine.

This doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court

proceedings except under special circumstances.'")." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Id. at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases. Lui v. Commission on Adult

Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, the Sones' complaint reveals that all of the legal prerequisites for Younger abstention are present. First, it is evident that there are on-going state criminal proceedings in this case. Second, it is also apparent that those proceedings afford the Sones a full and fair opportunity to litigate these restitution issues in the first instance in this pending state case. Finally, it is clear that the state proceedings implicate important state interests, since this matter involves enforcement of state laws forbidding defiant trespass and criminal mischief, as well as the state court's obligation to impose fair restitution orders in criminal cases that fall within its jurisdiction.

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interests that exist in law enforcement in this field, a field traditionally reserved to the states, and recognizing that the state courts are prepared to fully address the merits of this matter in the near future, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal

case at the present time. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In sum, at present, without the inclusion of some further well-pleaded factual allegations, the complaint contains little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979. More fundamentally, the complaint fails because: (1) 28 U.S.C. §1443 does not permit removal of this state case to federal court, and; (2) principles of federalism call upon us to abstain from entertaining a lawsuit which would intervene in a pending state criminal case.

We recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a pleading before the pleading is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, it is clear that the Plaintiffs have failed to state a viable cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that the Plaintiffs have no right to relief. Therefore, granting further leave to amend would be futile or result

in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the complaint be dismissed without further leave to amend.

While federal law compels this ruling, we recognize the concerns that motivate the Sones in bringing this action. We are simply unable to grant them the relief they seek. A federal district court cannot act as a state court and intervene in pending restitution matters in an on-going state criminal case. Rather, the Plaintiffs should understand that they must turn to the state trial and appellate courts to address these concerns. Those courts stand ready to hear, and decide, these issues.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. 2) be granted but that this complaint be dismissed, with prejudice, since: (1) 28 U.S.C. §1443 does not permit removal of this state case to federal court, and; (2) principles of federalism call upon us to abstain from entertaining a lawsuit which would compel us to intervene in restitution matters in a pending state criminal case.

The Plaintiffs are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of December, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge