# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER ALLEN SONES and LAURA ANN SONES,** : | **CIVIL ACTION NO. 4:10-CV-2475** |
| Plaintiffs : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **LENARD SIMPSON, DISTRICT ATTORNEY, SULLIVAN COUNTY,** : | |
| Defendant : | |

## **ORDER**

AND NOW, this 4th day of January, 2011, upon consideration of the report of United States Magistrate Judge Martin C. Carlson (Doc. 2), recommending that plaintiffs' motion for leave to proceed *in forma pauperis* be granted but that the complaint (Doc. 1) be dismissed, with prejudice, because (1) 28 U.S.C. § 1443 does not permit removal of this state case to federal court, and (2) principles of federalism call upon us to abstain from entertaining a lawsuit which would compel us to intervene in restitution matters in a pending state criminal case, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no

clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of Magistrate Judge Carlson (Doc. 2) is ADOPTED in its entirety.

2. Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED.

3. Plaintiff's complaint (Doc. 1) is dismissed, with prejudice. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.